COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


STANLEY REID

v.       Record No. 0894-94-1        MEMORANDUM OPINION*
                                     BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                 OCTOBER 10, 1995


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                     Robert W. Stewart, Judge

        James S. Ellenson for appellant.

        Robert B. Beasley, Jr., Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on brief),
        for appellee.


        In this appeal from a judgment of the Circuit Court of the

City of Norfolk (trial court) that approved a jury verdict

convicting him for first degree murder, the sole issue presented

by Stanley Reid (appellant) is whether the trial court erred when

it refused to grant his motion for a mistrial and reconstitute

the jury panel. Finding no error, we affirm the judgment of the

trial court.

        Appellant was indicted and tried for feloniously killing and

murdering Leon Mattox. At trial, pursuant to the provisions of

Code § 19.2-242, a jury consisting of twenty persons was

impaneled, from which twelve were to be selected along with two

alternates. Counsel for each party was given the opportunity to

exercise four peremptory strikes. The Commonwealth made one

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

initial strike of a black female who previously had been represented by defense counsel. That strike was followed by a strike made by appellant. Thereafter, the prosecutor advised the trial court that he had "no reason to make any other strikes based on peremptory challenges" and, citing Code § 19.2-262(4), stated to the trial court that in situations where the Commonwealth declined to make its strikes that section had been applied. Sub-section (4) provides:

> In any case in which <u>persons</u> indicted for felony <u>elect to be tried jointly</u>, if counsel or the accused are unable to agree on the full number to be stricken, or, if for any other reasons counsel or the accused fail or refuse to strike off the full number of jurors allowed such party, the clerk shall place in a box ballots bearing the names of the jurors whose names have not been stricken and shall cause to be drawn from the box such number of ballots as may be necessary to complete the number of strikes allowed the party or parties failing or refusing to strike. Thereafter, if the opposing side is entitled to further strikes, they shall be made in the usual manner.

(Emphasis added.) That section clearly applies to "persons indicted for felony [who] elect to be tried jointly." The conviction appealed from was a single-defendant trial. Nothing in that section provides an excuse for the failure of the Commonwealth to prosecute appellant on the charge for which he has been indicted.

At trial, appellant argued that that Code section did not relieve the Commonwealth from meeting the requirements of <u>Batson</u>

- 2 -

v. Kentucky, 476 U.S. 79 (1986); however, in this appeal, the Batson issue is not raised. Instead, appellant here argues only that the trial court erred when it applied the procedure for making peremptory strikes as provided in Code § 19.2-262. We agree that the provisions of sub-section (4) of Code § 19.2-262 do not apply to the refusal of the Commonwealth to make the peremptory strikes as directed by the General Assembly in sub-sections (2) and (3) of that Code section. Sub-sections (2) and (3) establish the number of jurors required in criminal cases and how they are to be selected. Those sub-sections provide:

> (2) Twelve persons from a panel of twenty shall constitute a jury in a felony case. Seven persons from a panel of thirteen shall constitute a jury in a misdemeanor case.
> (3) The parties or their counsel, beginning with the attorney for the Commonwealth, shall alternately strike off one name from the panel until the number remaining shall be reduced to the number required for a jury.

The directive is that beginning with the Commonwealth, the parties "shall" alternately strike one name until the jury has been selected. No alternative is given to the Commonwealth.

The ultimate question before this Court is, did the parties receive a fair trial, not a perfect trial, and did an action or inaction of the trial court constitute reversible error.

The trial judge is charged with the duty to see that the trial proceeds in an orderly and expeditious manner. An option was to inform the Commonwealth of its duty to see that the prosecution proceed as provided by law and that the failure to do

- 3 -

so could result in dismissal of the charge for failure to prosecute. Another would be to use a procedure approved by the legislature for defendants who are jointly tried. The latter procedure was applied in this case, and we find no reversible trial court error in selecting the jury as was done here.

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>